IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| ALEXANDRA BEECHLER,<br>    Plaintiff,<br><br>v.<br><br>DEPARTMENT OF CHILDREN AND<br>FAMILY SERVICES, WYNTER<br>TERRY, and ST. JOHN'S HOSPITAL,<br>    Defendants. | Case No. 25-cv-3163 |

## OPINION

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court are Motions to Dismiss filed by HSHS St. John's Hospital of the Hospital Sisters of the Third Order of St. Francis (St. John's Hospital) (Doc. 13) and Department of Children and Family Services (DCFS) (Doc. 19). For the reasons that follow, Defendants' motions are granted.

Plaintiff Alexandra Beechler filed a pro se Complaint asserting claims under 42 U.S.C. § 1983. (Doc. 1). Plaintiff alleges St. John's Hospital and Wynter Terry, a Defendant whom Plaintiff describes as her "ex best friend," made false allegations to DCFS about her, which resulted in Plaintiff's children being removed from her home. (*Id.*). Plaintiff states this occurred on April 18, 2021 at St. John's Hospital. (*Id.* at p. 5). Plaintiff further alleges Defendants (1) failed to provide Plaintiff with necessary medical care; and (2) conspired together to violate one or more of Plaintiff's civil rights. (*Id.*)

In seeking dismissal, Defendant DCFS argues it is not a "person" who may be sued under § 1983 and that Plaintiff's claims are barred by sovereign immunity and res

judicata. (Doc. 19). Defendant HSHS argues Plaintiff's claims are barred by the applicable statute of limitations. (Doc. 14). Defendant Terry filed an Answer denying Plaintiff's allegations but did not file a motion to dismiss. (Doc. 16).

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *See Christensen v. Cnty. of Boone, Ill.*, 483 F.3d 454, 458 (7th Cir. 2007). When considering a motion to dismiss under Rule 12(b)(6), the court construes the complaint in the light most favorable to the plaintiff, accepting all well-pleaded allegations as true and construing all reasonable inferences in plaintiff's favor. *Id.* To state a claim for relief, a plaintiff need only provide a short and plain statement of the claim showing she is entitled to relief and giving defendants fair notice of the claims. *Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011). However, the complaint must set forth facts that plausibly demonstrate a claim for relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). A plausible claim is one that alleges factual content from which the court can reasonably infer that defendants are liable for the misconduct alleged. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Merely reciting the elements of a cause of action or supporting claims with conclusory statements is insufficient to state a claim. *See id*. The complaint must do more than assert a right to relief that is "speculative." *See Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011). Because Plaintiff is proceeding pro se, the Court will liberally construe the complaint. *See Kaba v. Stepp*, 458 F.3d 678, 681 (7th Cir. 2006).

The limitations period for § 1983 claims is premised on state law which in Illinois is two years. *See O'Gorman v. City of Chicago*, 777 F.3d 885, 889 (7th Cir. 2015). "The date at which the claim accrues and thus starts the running of the limitations period is a matter

of federal law, and generally occurs when a plaintiff knows the facts and the cause of an injury." *Id.*

Plaintiff's Complaint was filed on June 5, 2025, more than four years after "false allegations" resulted in the removal of her child on April 18, 2021. Plaintiff's Complaint provides, "I have been dealing with the Department of Child and Family Services for about 3 years without my kids over false claims." (Doc. 1 at p. 8). Thus, it is apparent even upon a liberal construction of the Complaint's allegations that Plaintiff knew of the alleged facts causing the injury well over two years before filing suit.

While there are multiple bases to dismiss Plaintiff's § 1983 claims, the federal claims are clearly barred by the two-year limitations period and are dismissed on that basis. It appears the only state law claim in Plaintiff's Complaint is for defamation. Plaintiff's defamation claims fare no better than her § 1983 claims because defamation is subject to a one-year limitations period in Illinois. *See Hadley v. Doe*, 2015 IL 118000 (2015).

The ordinary practice, especially for plaintiffs proceeding pro se, is to allow at least one amendment. *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). Leave to amend should be granted "[u]nless it is *certain* from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 519-20 (7th Cir. 2015) (citation omitted). The Court finds allowing amendment would be futile so the case will be dismissed with prejudice. *See, e.g., Ward v. Akpore*, 702 F. App'x 467, 469 (7th Cir. 2017) (noting "a judge may deny leave to amend where any amendment clearly would be futile").

Because there are no remaining § 1983 claims or apparent basis for federal subject matter jurisdiction, the Court will *sua sponte* dismiss any federal claims directed at Defendant Terry. "*Sua sponte* dismissals for failure to state a claim upon which relief may be granted are permitted, provided a sufficient basis for the court's actions is apparent from the plaintiff's pleading." *Apostol v. Landau*, 957 F.2d 339, 343 (7th Cir. 1992).

For the reasons stated herein, Defendant St. John's Hospital's Motion to Dismiss under Rule 12(b)(6) (Doc. 13) and Defendant Department of Children & Family Services' Motion to Dismiss (Doc. 19) are GRANTED with Prejudice. The Court *sua sponte* Dismisses the claims asserted against Defendant Wynter Terry. Plaintiff's state law defamation claims are Dismissed with Prejudice. The Clerk will enter Judgment and terminate this case.

ENTER: February 23, 2026

_____
COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE